UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SILVIO CAMPAS,

v.  Case No. 8:04-cr-84-T-24TGW
    8:06-cv-1363-T-24TGW

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Defendant Silvio Campas' motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. cv-1; cr-332). A review of the motion, the files, records, and transcripts in this case demonstrates that, for the following reasons, Campas' motion to vacate must be **DENIED**.

BACKGROUND

On May 5, 2004, Campas pled guilty, pursuant to a written plea agreement, to count one of the indictment, which charged Campas with conspiracy to possess with intent to distribute five kilograms of cocaine while on board a vessel, in violation of 46 U.S.C. §§ 1903(g) and (j). (Doc. cr-48 [Plea Agreement]; cr-62 [Change of Plea Hearing]; cr-200 [Judgment]).

The written plea agreement contained an appeal waiver that read:

**5. Appeal of Sentence -Waiver**

The defendant understands and acknowledges that defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing

> guidelines. Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole. Knowing these facts, the defendant agrees that this court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground except for an upward departure by the sentencing judge or a sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

(Doc. cr-48 at 14) On September 29, 2004, the Court sentenced Campas to eighty-seven months incarceration. Count two of the indictment was dismissed on motion of the Government. (Doc. cr-200). The sentence reflected a four-level downward departure pursuant to a Government motion filed under the provisions of USSG § 5K1.1 and 18 U.S.C. 3553(e). Judgment was entered that day, September 29, 2004.

Defendant appealed the conviction and sentence. On September 22, 2005, the United States Court of Appeals for the Eleventh Circuit granted the Government's motion to dismiss Campas' appeal based on the appeal waiver in an order that reads:

> Appellee's motion to dismiss this appeal due to a valid appeal waiver contained in appellant's plea agreement is GRANTED.
>
> Appellant's plea agreement provides that he voluntarily and expressly waived his right to appeal his sentence, directly or collaterally, on any ground, except for an upward departure, a sentence above the statutory maximum, a sentence in violation of the law apart from the sentencing guidelines or if the government appealed.
>
> "Waiver will be enforced if the government demonstrates either (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver." *U.S. v. Benitez-Zapata*, 131 F.3d 1444, 1446 (11th Cir. 1997); *see also, United States v. Buchanan*, 131 F.3d 1005, 1008-09 (11th Cir. 1997); *U.S. v. Bushert*, 997

F.2d 1343, 1350-51 (11th Cir. 1993). The waiver of right to appeal includes a waiver of right to appeal difficult or debatable legal issues or even blatant error. *See U.S. v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999). Specifically, "the right to appeal a sentence based on *Apprendi/Booker* grounds can be waived in a plea agreement. Broad waiver language covers those grounds of appeal. Absent some indication that the parties intended otherwise, when an exception to an appeal waiver is stated in terms of a sentence imposed in excess of the statutory maximum, those terms should be given their ordinary and natural meaning." *U.S. v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005).

The record reveals that the magistrate adequately and specifically questioned Appellant during the plea colloquy about the appeal waiver and that Appellant confirmed that he understood the waiver. In addition, the language of the appeal waiver is sufficiently broad enough to waive an appeal based on *Apprendi/Blakely/Booker* grounds. *See id.;* see also *U.S. v. Grinard-Henry* ___ F.3d ___, 2005 WL 327265 at *2-*3 (11th Cir. Feb. 11, 2005). Because Appellant knowingly and voluntarily waived his right to appeal his sentence on the grounds he asserts on appeal, this appeal is DISMISSED.

(Doc. cr-309). Campas then timely filed the present 28 U.S.C. § 2255 motion to vacate.

DISCUSSION

Grounds One and Two

In ground one, Campas argues that the Court erred in denying his request for a mitigating role adjustment under section 3B1.2(b) of the sentencing guidelines because he functioned only as a courier; did not know the drug quantity; did not have an equity interest in the drugs; and lacked knowledge of key aspects of the drug smuggling scheme. In ground two, Campas argues that his sentence was imposed in violation of his Fifth and Sixth Amendment rights based on United States Supreme Court decision in *Blakely v. Washington.* Campas alleges that the indictment failed to identify a specific amount of drugs for which he was held accountable and that he did not stipulate to the amount of drugs.

3

Ground one is not cognizable under a motion to vacate because attacks on the application of the guidelines or on the calculation of a guidelines range based on the facts of a particular case generally are not properly addressed in a motion to vacate. *Burke v. United States*, 152 F.3d 1329, 1331-32 (collecting cases); *United States v. Diaz Clark,* 292 F.3d 1310, 1316 N. 4 (11th Cir. 2002) (expressing doubt whether claim concerning guidelines misapplication would be cognizable under section 2255 even if not successive). Campas' guidelines challenges do not constitute a fundamental defect that inherently results in a complete miscarriage of justice [or] an omission inconsistent with the demands of fair procedure.

Furthermore, Campas waived his right to challenge the Court's guidelines calculations in the appeal waiver that was part of his plea agreement. (See above). The Court specifically questioned Campas about the appeal waiver and confirmed that he understood the consequences of that provision. (Doc. cr-274 at 51). The Eleventh Circuit specifically dismissed the appeal based on the appeal waiver and held that the language of the appeal waiver was sufficiently broad enough to waive an appeal based on *Apprendi/Blakely/Booker* grounds. *(*Doc. cr-309). *See U.S. v. Grinard-Henry,* 399 F.3d 1294, 1297 (11th Cir.); *cert denied,* 544 U.S. (2005); *United States v.* Rubbo*, 396 F.3d 1330, 1333-35 (11th Cir. 2005).* Campas' waiver prevents his challenging any sentencing decision that does not fall within one of the enumerated exceptions, and none of his challenges do so.  Grounds one and two do not warrant relief.

## Ground Three

Campas alleges that counsel was ineffective:

> because he failed to pursue an evidentiary hearing and failed to [sic]

an adequate factual basis for the possession or quantity involved; he also failed by not filing an appropriate motion for a warranted reduction of sentence under USSG § 3B1.2(b).  By failing to pursue a request for an evidentiary hearing at the sentencing to compel the government to establish, by a preponderance of evidence, that the Plaintiff was a minor participant in the offense and that the government's proffered evidence was reliable, the Plaintiff's counsel's actions were unreasonable and violated the Plaintiff's Sixth amendment right to effective assistance of counsel.

In addition, Campas alleges that counsel was ineffective:

> by virtue of counsels' failure to object to the government's inadequate form of proof at sentencing, present by way of a proffer from government counsel without live testimony or affidavits from the agents, witnesses who would purportedly support the government's position. Prior to sentencing, the Plaintiff's counsel failed to file a document or motion in [sic] behalf of the Movant, he failed to request an evidentiary hearing in the role of the Plaintiff, nor were any reasons offered therein to support a request for an evidentiary hearing.  In addition, counsel never requested for an evidentiary hearing during the Rule 11 change of plea hearing nor at the sentencing hearing, even after the government failed to file a motion pursuant to U.S.S.G § 5K1.1.

Finally, Campas alleges that the lack of proof to support the sentence serves to undermine his guilty plea.  He contends that the Government did not establish, by a preponderance of the evidence, at sentencing, that Campas was not a "mere mule" and therefore there was insufficient evidence to support Plaintiff's guilty plea on that charge.

To prevail on a claim alleging ineffective assistance of counsel, Campas must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  *Strickland*'s two-part test requires a defendant to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*  However, if a claim fails to satisfy the prejudice component, the Court need not make a ruling on the performance component.

5

The two-pronged *Strickland* test is applicable to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Counsel owes a lesser duty to a client who pleads guilty than to one who goes to trial. When a client pleads guilty, counsel need only provide his client with an understanding of the law in relation to the facts, so that the defendant may make an informed and conscious choice between accepting the prosecution's offer and going to trial. *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). To impart such an understanding to the accused, counsel must make an independent examination of the facts, circumstances, pleadings and laws involved, and then offer counsel's informed opinion as to the best course to be followed in protecting the interests of the client.

The second prong of the *Strickland* test focuses on whether counsel's alleged constitutionally ineffective performance affected the outcome of the plea process. *Hill*, 474 U.S. at 59. In other words, in order to satisfy the prejudice requirement, the defendant claiming ineffective assistance of counsel during the plea process must show that there is a reasonable probability that, but for counsel's alleged errors, the defendant would not have pled guilty and would have insisted on going to trial. *Id.*

None of Campas' claims of ineffective assistance of counsel merit relief, because Camps fails to meet the *Strickland* test. A review of Campas' Presentence Investigation Report (PSR) and Sentencing Memorandum demonstrate that his counsel did file a USSG §3B1.2 motion and the motion was overruled. A review of the docket (Doc. cr-195, cr-196) demonstrates that the Government's oral motion for a USSG §5K1.1 motion for a downward departure was granted. Furthermore, the Government's oral motion for a sentence reduction based on Defendant's timely notice of intention to enter a guilty plea

was granted. (Doc. cr-198, cr-199). Campas has not shown that counsel's failure to ask for an evidentiary hearing on any of these claims prejudiced him.

### Campas' Allegation That his Plea Was not Voluntary

Although he does not clearly state a claim that his plea was involuntary, Campas alludes to the plea being involuntary because of ineffective assistance of counsel. If Campas is raising that claim, the claim has no merit. Because Campas' conviction is final, Campas may challenge only the knowing and voluntary nature of his plea, unless the record demonstrates that the district court lacked the power to enter the conviction or impose the sentence. *United States v. Boce,* 488 U.S. 563 (1989); *United States v. Kaiser, 893 F.2d 1300 (11th Cir. 1990);*

However, "[i]t is well-settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. . . ."*Mabry v. Johnson*, 467 U.S. 504, 508 (1984). Moreover, Campas is barred from raising a challenge to the factual basis of his plea in his motion to vacate. *See Wilson v. United States,* 962 F.2d 996, 997 (11th Cir. 1992). In the context of a 2255 motion to vacate, a defendant who enters a guilty plea waives all non jurisdictional challenges to the constitutionality of the conviction, and can only attack the voluntary and knowing nature of the plea. *Id.*

At the change of plea hearing, the Magistrate Judge established that Campas entered a knowing and voluntary plea. The Magistrate Judge discussed the various parts of the plea agreement, and then asked:

> The Court: Paragraph 10 points out that this Plea Agreement is the entire agreement and that there are no other promises, agreements, or representations except for what's written down here or has been stated here

> today in court, so if you think someone's promised you something, if you didn't hear me say it today in court then it doesn't count and you can't rely on it; do you under that?
>
> The Defendant: Correct, yes.
>
> The Court: Do you have any question about that?
>
> The Defendant: No.
>
> The Court: Are you pleading guilty freely and voluntarily?
>
> The Defendant: Of course, yes.
>
> The Court: Has anyone forced you or coerced you in order to get you to plead guilty?
>
> The Defendant: No.
>
> The Court: Other than what's in the Plea Agreement and has been stated here today in court, has anyone promised you anything in order to get you to plead guilty?
>
> The Defendant: No.
>
> . . . .
>
> The Magistrate Judge explained that no one could predict what Campas' sentence would be and that the United States District Judge was not bound by any estimate or prediction about his sentence, including any prediction by his attorney.
>
> Then, the Magistrate Judge asked:
>
> The Court: With the warnings and explanations in mine that I've given, do you still wish to plead guilty?
>
> The Defendant: Yes.

(Doc. cr-274 at 53-55)

> The Magistrate Judge then made a finding:
>
> The Court: I find, Mr. Campas, that you are alert and intelligent, that you do understand the nature of the charge, that you understand the penalties, and

> that you understand the consequences of pleading guilty.
>
> I find there's a factual basis for the plea of guilty, and I find that you are pleading guilty freely and voluntarily with the advise of a lawyer with whom you say you are satisfied.

(Doc. cr-274 at 55).

Campas' representations regarding the voluntary nature of his plea constitute "a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *United States v. Butt*, 731 F.2d 75, 80 (1st Cir. 1984) ( "[T]he presumption of truthfulness of [defendant's] Rule 11 statements will not be overcome unless the allegations in the § 2255 motion. . . .include credible, valid reasons why a departure from those earlier contradictory statements is now justified." )

Campas's own statements in the record belie his contentions that his plea was not voluntary and knowing. *See Bradshaw v. U.S.*, 2005 WL 1669036 *4 (M.D. Fla., July 12, 2005) (slip opinion) ( "Petitioner cannot circumvent the terms of his plea agreement merely because he does not like the outcome at sentencing." )(citing *U.S. v. Bushert*, 997 F.2d 1343, 1350 (11th Cir.1993).

Accordingly, Campas' ineffective assistance of counsel claims do not warrant relief. Furthermore, to the extent that he is raising a claim of involuntary plea, that claim also does not warrant relief.

Accordingly, the Court orders:

That Campas' motion to vacate (Doc. cv-1; cr-332) is denied. The Clerk is directed to enter judgment against Campas in the civil case and to close that case.

Finally, because Defendant is not entitled to a certificate of appealability, he is not

entitled to appeal in forma pauperis.

IT IS FURTHER ORDERED that Campas is not entitled to a certificate of appealability. A Defendanat seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Campas has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on August 1, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

AUSA: Anthony Porcelli

Pro se: Silvio Campas